UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NAJIB SHEMAMI,

    Defendant.

                                   /

Case No. 07-20160

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

This matter comes before the Court on Defendant Najib Shemami's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Because this Court does not have authority to review a decision by the Bureau of Prisons ("BOP") not to seek a compassionate release for an inmate, Defendant's motion is DENIED.

**I.   Facts**

After sentencing, Defendant was diagnosed with stage IV cancer. Since he began his sentence on March 23, 2011, Defendant has submitted a total of three compassionate release requests, all of which were denied. In its most recent denial, sent to Defendant on December 6, 2011, the Reduction in Sentence Committee of the BOP stated, "Overall findings indicate your medical condition is serious. However, the Committee recommends denial of your request for reduction in sentence due to the

1

nature of your criminal offense and your ability to reoffend." The warden concurred with the Committee's recommendation. On December 6, 2011, Defendant submitted a BP-10, Regional Administrative Remedy Appeal to the BOP Regional Office, but he has not received a response.[1]

On December 27, 2011, Defendant's doctor estimated that Defendant had a life expectancy of less than six months.

## II.     Analysis

Defendant requests that this Court order Defendant's release or conduct a hearing to determine if the BOP acted in good faith in its denial of Defendant's request for reduction in sentence. The Government argues that this Court lacks the authority to review the BOP's decision not to move for a reduction in sentence.

The statute states, "The court may not modify a term of imprisonment once it has been imposed except that . . . the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The Sixth Circuit has determined that a federal court lacks authority to review a decision by the BOP not to seek a compassionate release for an inmate under § 3582(c)(1)(A). *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011); *see also Engle v. United States,* 26 F. App'x 394, 397 (6th Cir. 2001) ("The district court

---

[1]According to the BOP Administrative Remedy Program, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 CFR 542.18. Including extension, the Regional Director had 60 days to respond, which has passed. Defendant, however, states that he submitted a supplemental BP-10 appeal on January 20, 2012, which may extend the Regional Director's response time. Pursuant to the BOP Administrative Remedy Program, Defendant may appeal a denial from the Regional Director to the General Counsel.

lacked jurisdiction to sua sponte grant compassionate release. A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons.").

Other circuits have also held that a federal court has no authority to review a BOP's decision regarding whether to file a motion for compassionate release. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990); *Turner v. United States Parole Comm'n*, 810 F.2d 612, 615 (7th Cir. 1987).

Defendant relies heavily on *United States v. Dresbach*. 806 F. Supp. 2d 1039 (E.D. Mich. 2011) (Tarnow, J.). In *Dresbach*, the court reviewed the petitioner's motion for a reduction in sentence even though the BOP had not filed a motion to do so, reasoning that the BOP was not entitled to unlimited deference where it disregarded relevant statutory and regulatory criteria. *Id.* at 1042. The court looked to the BOP's Program Statement, specifically § 541.62, and found that the BOP was required to take into consideration non-medical reasons for compassionate release. *Id.* at 1041-42. The BOP Program Statement relied upon by the court in *Dresbach* states:

> The Bureau of Prisons makes a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) only after review of the request by the Warden, the Regional Director, the General Counsel, and either the Medical Director for medical referrals or the Assistant Director, Correctional Programs Division for non-medical referrals, and with the approval of the Director, Bureau of Prisons.

28 C.F.R. § 571.62.

This section, however, is entitled "Approval of Request" and is applicable only in the cases in which the BOP has decided to approve a request for reduction in sentence. It begins with "The [BOP] makes a motion . . . only after review . . ." This section does

3

not give the criteria for determining *whethe*r to make a motion, but merely states the procedure that must be followed when the BOP actually does make a motion.

Section 571.63 of the BOP's Program Statement, entitled "Denial of Request," is the proper applicable section in this case (as well as in *Dresbach*). In § 571.63, the BOP does not give any requirements or procedures that the BOP must follow in determining to whether to deny a request for reduction of sentence, leaving it unlimited discretion. Furthermore, district courts in this circuit, including this Court, have consistently determined that there is no judicial review of the BOP's decision not to file a move for a reduction in sentence.[2]

The Sixth Circuit's holding in *Crowe* is binding on this Court and this Court has no

---

[2] *See Green v. Marberry*, No. 06-cv-12410, 2010 WL 2680554, at *2 (E.D. Mich. July 6, 2010) (Edmunds, J.) (finding that a federal court may not grant early release under § 3582 unless the Bureau of Prisons moves for a reduction in sentence); *Jones v. United States*, No. 93-81138, 2006 WL 1722201, at *2 (E.D. Mich. May 2, 2006) (Taylor, J.) (denying request for relief under the statute because "nothing in 18 U.S.C. § 3582(c)(1)(A) would afford Petitioner relief as the Director of the Bureau of Prisons has not motioned for a reduction of the term of imprisonment"); *United States v. Paris*, No. 95-80225, 2007 WL 4201129, at *4 (E.D. Mich. Nov. 28, 2007) (Komives, J.) (Report and Recommendation finding that "under the plain language of that provision, the Court may reduce a sentence on this basis only 'upon motion of the Director of the Bureau of Prisons'"); *Williams v. Fed. Bureau Prisons*, No. 1:05 CV1955, 2005 WL 2978738, at *3 (N.D. Ohio Oct. 11, 2005) (finding that the petitioner's claim could not fall under the statute because there was no motion made by the Director of the Bureau of Prisons to modify his sentence); *Jones v. United States*, No. C–2–01–1177, 2002 WL 1578825 (S.D. Ohio Apr. 17, 2002) (finding that the petitioner was entitled to no relief under the statute because the Director of the Bureau of Prisons had not filed a motion); *Sampson v. Hickey*, No. 10–193–KKC, 2010 WL 7762577, at *2 (E.D. Ky. Aug. 16, 2010) (finding the court had no authority to review or countermand the BOP's decision not to seek compassionate release); *United States v. Armstrong*, No. 90-20083(H)MA, 2005 WL 3087860, at *2 (W.D. Tenn. Nov. 16, 2005) (finding the statute inapplicable because the Director of the BOP had not moved for a reduction of the defendant's sentence).

authority to review the BOP's decision not to move for a reduction in Defendant's sentence.

### III.   Conclusion

For the foregoing reasons, Defendant's motion is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 1, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager